# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| SANTINO CLARKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 4:18-cv-00899-KOB-JEO |
| | ) | |
| JEFF B. SESSIONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Respondents' Motion to Dismiss Petition as Moot, filed December 14, 2018. (Doc. 13). In the motion, Respondents note Petitioner was removed from the United States to Jamaica on November 29, 2018. (Doc. 13-1, Pitman Decl.).

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

Petitioner filed this action challenging his continued detention in ICE custody and seeking release. (Doc. 1 at 3-4). Because Petitioner has been removed, the court can no longer provide meaningful relief. Thus, the Court finds that the petition for writ of habeas corpus is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003). Accordingly, Respondents' Motion to Dismiss is due to be granted and the petition is due to be dismissed.

The court will enter a separate Final Order.

DONE and ORDERED this 19th day of December, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE